IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert Graham, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 6:21-cv-00769-TMC |
| | ) | |
| State of South Carolina, Florence County Court Systems, and South Carolina Attorney General Alan Wilson, | ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert Graham, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 3, 17). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's action with prejudice and without issuance and service of process. (ECF No. 16). Plaintiff filed objections[1] to the Report, (ECF Nos. 28, 32), and this matter is now ripe for review.

---

[1] Objections to the magistrate judge's Report were due on Tuesday, June 15, 2021. *See* (ECF No. 26). Because Plaintiff was served by mail, he was entitled to an additional three (3) days, until June 18, 2021, in which to file any objections. *See* Fed. R. Civ. P. 6(d). Plaintiff filed his first set of objections on June 14, 2021. (ECF No. 28). The next day, on June 15, 2021, Plaintiff filed a second set of objections, but because they were un-signed they were returned to Plaintiff with a deficiency notice. *See* (ECF No. 30). Plaintiff refiled the second set of objections on July 2, 2021, (ECF No. 32), and, although they are untimely, the court will consider these objections out of an abundance of caution because Plaintiff did attempt to file them prior to the deadline and filed a corrected version in a timely manner after receiving notice of the deficiency. However, the court declines to consider Plaintiff's third set of objections which was not filed until August 12, 2021, well beyond the deadline for Plaintiff to submit his objections to the Report. (ECF No. 33). Moreover, this third set contains no objections or arguments by Plaintiff at all, but rather consists of 80 pages of photocopied case law and excerpts of the United States Constitution and the United States Code. *See id.* Accordingly, for purposes of this order, the court considers only the objections appearing at docket entries 28 and 32.

1

**MAGISTRATE JUDGE'S FINDINGS & CONCLUSIONS**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 26 at 1–3). Briefly, Plaintiff is a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is currently incarcerated at Perry Correctional Institution. *Id*. at 1 (citing ECF No. 1). Plaintiff alleges that his due process rights were violated during his state criminal prosecution and challenges his sentence of life imprisonment. *See* (ECF No. 1 at 4, 6, 7). For relief, Plaintiff seeks to be released from prison, to have his criminal record expunged, and to "invoke[e] all equity created while [the federal and state court registration investment system] bonds were traded[.]" *Id*. at 7.

As the magistrate judge correctly noted, the Prison Litigation Reform Act of 1996 ("PLRA"),[2] requires this court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity, and to dismiss the case upon a finding that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief." *Id*. at 2–3 (citing 28 U.S.C. § 1915A(b)). The magistrate judge further noted that, in order to state a claim for relief pursuant to § 1983, a plaintiff must allege: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *Id*. at 3 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Applying these standards, the magistrate judge addressed each of Plaintiff's claims for relief in turn. First, as to Plaintiff's request to be released from custody, the magistrate judge correctly noted that a petition for habeas corpus made pursuant to 28 U.S.C. § 2254, rather than a

---

[2] Pub. L. No. 104–134, 110 Stat. 1321–71 (1996).

complaint under § 1983, "'is the exclusive federal remedy for state prisoners seeking actual release from confinement[.]'" *Id*. at 4 (quoting *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 694–95 (4th Cir. 2015)). The magistrate judge, therefore, concluded that Plaintiff's claim is subject to summary dismissal to the extent he seeks to be released from prison. *Id*.

Next, the magistrate judge found that, to the extent the plaintiff also seeks monetary damages based upon his alleged unlawful incarceration, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the "Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged." *Id*. According to *Heck*, "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id*. at 5 (quoting *Heck*, 512 U.S. at 486–87). In this case, the magistrate judge properly took judicial notice of Plaintiff's state convictions, and there is no indication from the state court records nor does Plaintiff allege that he ever challenged or appealed those convictions, let alone successfully.[3] *Id*. (citing Florence County Twelfth Judicial Circuit Public Index, search by Plaintiff's name, Case Nos. E706567, E706568, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (last visited Sept. 24, 2021) [*hereinafter* Florence Cty. Pub. Index, Nos. E706567, E706568]). Thus, the magistrate judge concluded that Plaintiff's claims, to the extent he seeks to recover monetary damages, are barred under *Heck*. *Id*.

---

[3] The court may take judicial notice of court and public records related to Plaintiff's criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records." (internal quotation marks omitted)).

The magistrate judge then assessed Plaintiff's claims as required under the PLRA. *Id*. at 5–8. Specifically, the magistrate judge noted "[i]t is well-settled that the court has the authority to dismiss claims that are obviously 'fantastic' or 'delusional.'" *Id*. at 6 (citing *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *report & rec. adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011)). Thus, when "reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios." *Id*. at 7 (citing *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004)). Nevertheless, the magistrate judge properly recognized that when assessing the Complaint, the court must accept all well-pleaded allegations as true and review the Complaint in the light most favorable to Plaintiff. *Id*. (citing M*ylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

The magistrate judge first found that Plaintiff's action is subject to dismissal because none of the defendants are amendable to suit under § 1983. *Id*. at 7–8. Specifically, the magistrate judge noted that all claims against the State of South Carolina are subject to summary dismissal because the State is entitled to immunity under the Eleventh Amendment. *Id*. at 7. Similarly, Attorney General Alan Wilson is entitled to prosecutorial immunity for any suit arising out of his actions or involvement in Plaintiff's prior criminal proceedings. *Id*. at 7–8. Additionally, the magistrate judge found that Defendant Florence County Court Systems does not constitute a "person" for purposes of § 1983 and is, therefore, also subject to dismissal. *Id*. at 7.

Further, the magistrate judge found that the Complaint is also subject to summary dismissal as frivolous because the "complaint provides no valid factual allegations regarding the alleged unconstitutional actions by the defendants[,]" *id*. at 8, and "[P]laintiff's nonsensical allegations do

4

not raise a cognizable federal claim[,]" *id*. at 5–6.  In particular, the magistrate judge pointed to Plaintiff's "conclusory claims that the defendants erred in mixing color of law and slip law in sentencing him to life in prison, that the [S]tate never entered the plaintiff's docket, and that the plaintiff was expatriated by the [S]tate" and found that such allegations "are clearly delusional and frivolous[] and fail to show any arguable basis in fact or law." *Id*. at 8.

Consequently, the magistrate judge recommends the court dismiss Plaintiff's action, pursuant to *Heck* and § 1915(e)(2)(B), with prejudice and without issuance and service of process. *Id*. at 8–9.  The magistrate judge also recommends that this action be designated as a "strike" under the PLRA, § 1915(g).  *Id*. at 9.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections

5

which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

6

**DISCUSSION**

As noted above, Plaintiff filed two sets of objections to the Report. (ECF Nos. 28, 32). His first set of objections, however, are in large part illegible and, to the extent they are decipherable, they are unintelligible. *See* (ECF No. 28). Further, based on what the court can glean, the objections are non-specific and entirely unrelated to the dispositive portions of the Report. *See id*. Nevertheless, liberally construing his objections, Plaintiff asserts that the court should interpret his § 1983 Complaint as a petition for writ of habeas corpus under § 2254 and then merely states his disagreement with the magistrate judge's recommendation of dismissal. *See id*.

As to Plaintiff's first argument, the court notes that Plaintiff filed this action alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. *See* (ECF No. 1). The court declines to allow Plaintiff to raise, for the first time, new claims in his objections to the Report. In *United States v. George*, the Fourth Circuit held that as a part of the district court's obligation to determine *de novo* any issue to which a proper objection to a Report and Recommendation is made, a district court is required to consider all arguments directed to that issue, even if not made before the magistrate judge. 971 F.2d 1113, 1118 (4th Cir. 1992). However, in *Samples v. Ballard*, the Fourth Circuit clarified that a district court is not required to consider new issues, or claims, raised for the first time in objections to a Report and Recommendation. 860 F.3d 266, 275–76 (4th Cir. 2017). The Fourth Circuit held that "*George* envisions a hierarchical scheme, wherein a *legal case* is divided into *issues*, and *issues* are further subdivided into *arguments*" and that "the *issues or claims* are the asserted grounds for relief[.]" *Id*. at 272, 273 (emphasis in original). Although *Samples* involved a new claim for ineffective assistance of counsel in a federal habeas action, the same analysis applies to this case, where the Plaintiff appears to be attempting to morph his § 1983 claim

into a federal habeas action under a different statute. As an action for relief under 28 U.S.C. § 2254 would involve entirely different claims, Plaintiff cannot now raise such claims for the first time in his objections to the Report.

Moreover, the court notes that even if it were to construe Plaintiff's complaint as a § 2254 petition for habeas corpus, such action would nevertheless be subject to dismissal as untimely under 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1) establishes that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court[,]" with such period beginning from, *inter alia*, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The court has already taken judicial notice of the state convictions and sentences Plaintiff seeks to challenge, which were entered in November 1997, *see* Florence Cty. Pub. Index, Nos. E706567, E706568, and there is no indication in the state court records or in Plaintiff's filings that he ever sought to appeal or challenge these convictions or sentences until now. Accordingly, even if the court were to construe the Complaint as a habeas petition under § 2254, this action would still be subject to summary dismissal, and this objection is, therefore, overruled.

As to Plaintiff's second argument, it is well-settled that objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory

8

objections that do not direct the court to a specific error in the Report). Therefore, Plaintiff's first set of objections (ECF No. 28) is overruled.

Plaintiff's second set of objections is no more meritorious than the first. *See* (ECF No. 32). In his second set of objections, Plaintiff questions the magistrate judge's authority to issue to the Report; argues the magistrate judge failed to cite to the Constitution or any Supreme Court precedent or to enter into evidence the case law cited in the Report; and repeats the allegations set forth in his Complaint that S.C. Code Ann. § 11-16-311 is unconstitutional and that his sentence of life imprisonment violates the Eighth Amendment. *See id*.[4] With respect to Plaintiff's first point, 28 U.S.C. § 636(b) expressly authorizes district court judges to refer certain matters to federal magistrate judges for proposed findings of fact and recommendations. *See* 28 U.S.C. § 636(b)(1). Through Local Rule 73.02(B)(2), the district judges for the District of South Carolina have identified multiple types of matters—including "[a]ll pretrial proceedings in applications for post-conviction review under the provisions of . . . 28 U.S.C. § 2254," "[a]ll pretrial proceedings in civil rights cases challenging prison conditions or conditions of confinement[,]" and "[a]ll pretrial proceedings involving litigation by individuals proceeding *pro se*"—which are automatically referred to a magistrate judge for issuance of a Report and Recommendation, regardless of the parties' consent. *See* Local Rule 73.02(B)(2)(c), (d), (e) (D.S.C.). Furthermore, Federal Rule of Civil Procedure 72(b) explicitly requires magistrate judges to "promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement" and to "enter a recommended disposition, including, if appropriate, proposed findings of fact."

---

[4] It also appears that Plaintiff may be attempting to name additional defendants to this action in his objections by handwriting their names into the caption of this filing. *See* (ECF No. 32 at 1). However, Plaintiff cannot use his objections to a magistrate judge's Report and Recommendation to amend his Complaint or join additional parties to the action.

9

Fed. R. Civ. P. 72(b)(1). Therefore, Plaintiff's objection concerning the propriety of the magistrate judge's Report based on the magistrate judge's authority to make such Report is without merit and is overruled. Similarly, Plaintiff's contentions that the magistrate judge erred by failing to cite to the Constitution or to any Supreme Court precedent or by failing to enter into evidence the case law cited in the Report are unsupported by any authority and are wholly without merit.

The remainder of Plaintiff's second set of objections merely repeat allegations and arguments raised in his Complaint. *Compare* (ECF No. 32) *with* (ECF No. 1). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, CA No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012). Accordingly, this set of objections is also overruled and, because Plaintiff has failed to set forth any specific objections to the Report, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Thus, having thoroughly reviewed the Report and the record in this case, the court, finding no clear error, agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 26), which are incorporated herein by reference. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process.[5] Plaintiff's pending motions for a hearing (ECF No. 34) and to vacate his state sentence (ECF No. 35) are **DENIED as moot**.

---

[5] This action constitutes a "strike" pursuant to the PLRA based on Plaintiff's failure to state a claim and the frivolous nature of the claims asserted. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25, 207 L. Ed. 2d 132 (2020) (noting "[a] strike-call under Section 1915(g) ... hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect[,]" such that the three-strike rule applies equally to dismissals without prejudice).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 30, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.